# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 3065 | **DATE** | 10/20/2004 |
| **CASE TITLE** | | Turner vs. Mony Life Ins | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

## DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10)■ [Other docket entry] Status hearing held and continued to 01/25/05 at 9:00 a.m. For the reasons stated in the attached memorandum opinion, defendant's motion to dismiss is denied. Defendant is given to and including 11/12/04 to file its answer to the plaintiff's complaint. Plaintiff's expert disclosures and reports are to be submitted to the defendant by 11/22/04. Defendant's expert disclosures and reports are to be submitted to the plaintiff by 11/29/04. All discovery is to be completed by 01/20/05. Dispositive motions are to be filed by 02/22/05. Responses to the dispositive motions, if any, are to be filed by 03/08/05 and replies, if any, are to be filed by 03/15/05. Enter Memorandum Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | number of notices | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | |
| | No notices required. | | | | |
| | Notices mailed by judge's staff. | | | OCT 21 2004 | |
| | Notified counsel by telephone. | | | date docketed | |
| ✓ | Docketing to mail notices. Memorandum Opinion distributed in open Court. | | | | 19 |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | | |
| MW6 | courtroom deputy's initials | | | date mailed notice | |
| | | Date/time received in central Clerk's Office | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

WILLIAM TURNER,                          )
                                         )
            Plaintiff,                   )
                                         )
      v.                                 )      No. 04 C 3065
                                         )
                                         )
MONY LIFE INSURANCE COMPANY,             )
                                         )
            Defendant.                   )

DOCKETED
OCT 2 1 2004

MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Mony Life Insurance Company's

("Mony") motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1)

and 12(b)(6). For the reasons stated below we deny Mony's motion to dismiss the

Title VII claim (Count I) and we deny Mony's motion to dismiss the Section 1981

claim (Count II).

BACKGROUND

Plaintiff William Turner ("Turner") alleges that he was a Registered Sales

Representative for Mony from August of 2000 through October of 2002. Turner

claims that Mony employed him "on inferior and different terms than non-Black

Registered Sales Agents, including but not limited to denying [Turner] the resources and information necessary to succeed at [Mony], denying [Turner] the opportunity to sell [Mony's] securities and systematically rejecting virtually every insurance application from [Turner's] Black clients." (Compl. Par. 7). Turner specifically contends that he was not able to perform his job properly because he was not provided with a properly functioning computer and he was denied consistent access to Mony computer network which is necessary for obtaining pertinent information. Turner alleges that he was excluded from Mony training programs. Turner alleges that the Mony securities department did not respond to his requests for information. Turner claims that he asked David Ruter, a manager for Mony, to assist him in obtaining a response from the securities department, but Turner received no call from the securities department. Turner claims that Mony routinely corresponded with Turner's "Black applicants, without notice to [Turner] but did not do so with White applicants of White sales employees." (Compl. Par. 31). Turner alleges that Mony terminated his employment on October 27, 2001, and that Mony indicated to him that the termination was due to "insufficient production" on his part. (Compl. par. 39). Turner filed a complaint in the instant action alleging discrimination in violation of Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e *et seq.* (Count I), and civil rights violations in violation of 42 U.S.C. § 1981 ("Section 1981").

## LEGAL STANDARD

Federal Rule of Civil Procedure 12 (b)(1) requires a court to dismiss an action when it lacks subject matter jurisdiction. *United Phosphorus, Ltd. v. Angus Chemical Co.* 322 F.3d 942, 946 (7th Cir. 2003). When reviewing a motion to dismiss brought under Rule 12(b)(1), this court "must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff." *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995) (citing *Rueth v. United States Environmental Protection Agency*, 13 F.3d 227, 229 (7th Cir.1993)); *United Transp. Union v. Gateway Western Ry. Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996)(stating that "[i]n considering a motion to dismiss for lack of subject matter jurisdiction, the district court must accept the complaint's well-pleaded factual allegations as true and draw reasonable inferences from those allegations in the plaintiff's favor."). This court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Ezekiel*, 66 F.3d at 897 (quoting *Capitol Leasing Co. v. Federal Deposit Insurance Corp.*, 999 F.2d 188, 191 (7th Cir.1993); *Transp. Union*, 78 F.3d at 1210(stating that the court may consider evidence "at the dismissal stage when the question raised is one of subject matter jurisdiction."). The burden of proof in a Rule 12 (b)(1) motion lies with "the party asserting jurisdiction." *United*, 322 F.3d at 946.

In ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure

12(b)(6), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002);*Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High School*, 144 F.3d 448, 445-55 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). Under current notice pleading standard in federal courts a plaintiff "need to plead facts that, if true, establish each element of a "cause of action.'" *See Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)(stating that a "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later."). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carter*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "provide the defendant with at least minimal notice of the claim," *Id.*, and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts

4

which fail to outline the bases of [his] claim." *Perkins*, 939 F.2d at 466-67.

# DISCUSSION

Mony argues that Turner was merely an independent contractor for Mony and that since Turner was not an employee of Mony, the Title VII claim (Count I) should be dismissed for lack of subject matter jurisdiction. Mony also argues that the Section 1981 claim (Count II) should be dismissed for lack of subject matter jurisdiction to the extent that it contains allegations of employment-related discriminatory practice and that the Section 1981 claim should be dismissed for failure to state a claim.

## I. Title VII Claim (Count I)

Mony argues that Turner cannot succeed on his Title VII claim because Turner was merely an independent contractor for Mony rather than an employee.

In support of Mony's contention that Turner was an independent contractor, Mony points out that Turner signed a Career Contract that included the following language:

> [I]t is the intent of this contract, that you be an independent contractor. . . . Accordingly, nothing in this contract, or any rule or regulations established by the Company, shall create, or be interpreted to create, the relationship of employee and employer between you and the Company.

(Career Contract Par. 2(a)). Turner also signed a Registered Representative Contract

which included the language: "[n]othing herein shall be construed to create the relationship of employer and employee between the Company and the Representative." (Registered Representative Contract Par. 2(a)). Title VII defines an "employee" as "an individual employed by an employer. . . ." 42 U.S.C. § 2000e(f). The Seventh Circuit has held that "[i]ndependent contractors are not protected by Title VII." *Knight v. United Farm Bureau Mut. Ins. Co*, 950 F.2d 377, 380 (7th Cir. 1991). In order to determine whether the plaintiff was an employee or independent contractor of the defendant employer the court must consider the following factors: "(1) the extent of the employer's control and supervision over the worker, including directions on scheduling and performance of work, (2) the kind of occupation and nature of skill required, including whether skills are obtained in the workplace, (3) responsibility for the costs of operation, such as equipment, supplies, fees, licenses, workplace, and maintenance of operations, (4) method and form of payment and benefits, and (5) length of job commitment and/or expectations. " *Worth v. Tyer*, 276 F.3d 249, 262-63 (7th Cir. 2001). The most important factor is the degree of control over the plaintiff's work. *Id.* (stating that "[i]f an employer has the right to control and direct the work of an individual, not only as to the result to be achieved, but also as to the details by which that result is achieved, an employer/employee relationship is likely to exist.")(quoting*Spirides v. Reinhardt*, 613 F.2d 826, 831-32 (D.C. Cir. 1979)).

Turner and Mony provide considerably different versions of the facts

regarding Turner's work for Mony. For instance, Mony claims that it did not pay for any of Turner's business expenses such as postage and Turner claims that "Mony bore virtually all of [Turner's] expenses, excluding his auto expenses and long distance telephone calls." (P. Ans. Mem. 11). Turner claims that Mony provided him with an office, a computer, office supplies, phone for local calls, usage of a fax machine, and postage. Mony claims that it did not control or supervise Turner's work. Mony claims that it did not exercise any control over the customers and potential customers located and contacted by Turner, and did not control what Mony products Turner offered to customers, or the sales methods used by Turner. Mony also claims that Turner was not required to formally report to a supervisor at Mony on a daily basis. On the other hand Turner claims he was provided with an office and was required to spend "regular and significant time in that office" and that there was significant supervision of his work. (P. Ans. Mem. 9). Turner also claims that he was required to use a Mony employee as a secretary, that he was only allowed to sell exclusively for Mony within a territory designated by Mony, and that Turner was regularly required to access the Mony website for information. Turner also argues that he was required to meet minimum sales levels, attend quarterly status meetings at Mony to report on current and projected sales, and submit the paperwork for all sales to Mony. Finally, Turner contends that when Mony thought it warranted Mony would directly contact prospective customers located by Turner. These are only some of the clearly disputed facts involved in Turner's work for Mony.

Mony argues that we are bound to accept its version of the facts because it has put its facts in signed affidavits whereas Turner's allegations remain unsworn allegations. As indicated above, although for a motion to dismiss based on lack of subject matter jurisdiction we can consider evidence, nothing requires or permits us to rule based on the evidence submitted by Mony alone. It is at the summary judgment stage that the plaintiff may no longer rely on his pleadings, Fed. R. Civ. P. 56(e), not at the dismissal stage.

Mony claims that *Knight v. United Farm Bureau Mut. Ins. Co*, 950 F.2d 377 (7th Cir. 1991) is "extremely similar to the present" case and asks the court to follow the court's reasoning in *Knight*. (Mem. 6). The district court which was affirmed in *Knight* concluded that the plaintiff was an independent contractor, but the district court did not make such a ruling at the pleadings stage. In fact it was not until after a two day Bench trial that the district court made its findings. *Id.* at 377; *see also Taylor v. ADS, Inc.*, 327 F.3d 579, 581 (7th Cir. 2003)(affirming district court's grant of the defendant's motion for summary judgment because the plaintiff was an independent contractor); *Vakharia v. Swedish Covenant Hosp*, 190 F.3d 799, 802 (7th Cir. 1999)(affirming district court's grant of summary judgment based on independent contractor issue). We are cannot based upon the materials before us find that Turner was an independent contractor. We are not finding that Turner was an employee, but are only ruling that it is premature at this juncture to make a determination on this issue. Therefore, we deny Mony's motion to dismiss the Title

VII claim.

## II. Section 1981 Claim (Count II)

Mony argues that Turner has failed to state a Section 1981 claim because Turner bases his claim upon insurance contracts between Mony and insureds. Section 1981 states that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other." 42 U.S.C. § 1981(a). Mony argues that since Turner was not a party to the contracts, Turner did not have his right to contract impacted by the contracts. Turners explains however, in his answer brief that his Section 1981 claim is based upon the contracts formed between Turner and Mony. Mony also argues that since Turner was not an employee of Mony Turner's Section 1981 claim cannot succeed. However, as indicated above such arguments are premature at this juncture. Therefore, we deny Mony's motion to dismiss the Section 1981 claim (Count II).

## CONCLUSION

Based on the foregoing analysis, we deny Mony's motion to dismiss the Title

VII claim (Count I) and we deny Mony's motion to dismiss the Section 1981 claim

(Count II).


Samuel Der-Yeghiayan
United States District Court Judge


Dated: October 20, 2004